# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELIZABETH WEAR, JOHN BUTCHER, and CARMEN WORSTELL, on behalf of themselves and all others similarly-situated,

Plaintiffs,

v.

SPRINT COMMUNICATIONS COMPANY L.P.; QWEST COMMUNICATIONS COMPANY, LLC; LEVEL 3 COMMUNICATIONS, LLC; and WILTEL COMMUNICATIONS, LLC,

Defendants.

CASE NO. 2:11-cv-809-KJD-GWF



### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES TO SETTLEMENT CLASS COUNSEL

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved for an award of attorneys' fees and expenses to Settlement Class Counsel. Under Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law. The Court does so, as follows, in granting the motion:

**Findings of Fact**

1. This class-action settlement resolves a property-rights dispute, which arises out of the installation of fiber-optic cable on railroad rights of way by Sprint Communications Company L.P., Qwest Communications Company, LLC, Level 3 Communications, LLC, and WilTel Communications, LLC (the "Settling Defendants"). The claims resolved by the Settlement affect parcels of land in Nevada covering approximately 467 miles of rights of way throughout the state.

2. On October 9, 2012, the Court entered an order preliminarily approving the Settlement, certifying the Settlement class, and approving the form and manner of notice. On March 1, 2013, the claims administrator mailed notices to 3,515 current and prior property owners along railroad rights of way in Nevada containing telecommunications facilities installed by the Settling Defendants, and opened a Settlement call center and website. The notice, which was posted on the website, advised in pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $788,000. . . . The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

Notice ¶ 25. The Notice further advised that the Court would hold a Fairness Hearing on June 11, 2013, at which time the Court would "consider how much to pay Class Counsel." *Id.* ¶ 28. On June 11, 2013, the Court held the final Fairness Hearing.

3. The Settlement Agreement provides in pertinent part: "Settlement Class Counsel may seek from the Court a cash award of fees and expenses from the Settling Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the Settling Defendants will not object." Settlement Agreement § II.E.1. The original Settlement Agreement defined the Maximum Attorneys' Fee Award as $788,000. Settlement Agreement Definitions. That Agreement has since been amended to reduce the Maximum Attorneys' Fee Award to $671,000, in order to keep the percentage of the fee-and-expense award sought below 30 percent of the gross value of the Settlement — the estimated value of which decreased as the mileage at issue under the Settlement was revised downward, thereby reducing the compensation available to the class members. The Settlement Agreement further provides that "the Settling Defendants shall deposit any attorneys' fee award approved by the Court, which shall not exceed the Maximum

2

Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final." Settlement Agreement § II.E.2.

4. The escrow account established with U.S. Bank is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B. The escrow account is maintained by U.S. Bank in New York, New York, with the Garretson Firm Resolution Group, Inc. ("GFRG") serving as the Fund Administrator. These arrangements are consistent with the terms of an Escrow Agreement entered into as of August 26, 2011 between certain Settlement Class Counsel, U.S. Bank, and GFRG.

5. Settlement Class Counsel estimate that approximately $1,017,000 in cash benefits are available for class members to claim. Administrative costs — to be paid separately by the Settling Defendants — in creating and updating a sophisticated database to notify class members, implement the Settlement, and process claims, are estimated at an additional $677,000. The agreed-to attorneys' fees and non-taxable costs of approximately $671,000 — which will not reduce benefits payable to class members — bring the total gross value of the Settlement to roughly $2,365,000.

**Conclusions of Law**

6. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)."

Fed. R. Civ. P. 23(h)(1) and (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of this fee-award motion was provided in the class notice and on the website.

7.  When "the settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" of calculating attorneys' fees awards. *In Re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). In common-fund settlements, the Ninth Circuit has "allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar" when the "benefit to the class is easily quantified." *Id.* "The percentage-of-recovery method is favored in common-fund cases because it allows courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure." *Alberto v. GMRI, Inc.*, No. Civ. 07-1895 WBS DAD, 2008 WL 4891201, at *11 (E.D. Cal. Nov. 12, 2008) (internal quotation marks and citation omitted).

8.  Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorneys' fees and expenses, and the expenses of administration. *See Boeing v. Gemert*, 444 U.S. 472, 479 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.") (citation omitted). This calculation applies to precisely the type of settlement presented here,

4

where the Settling Defendants will pay attorneys' fees separately from the compensation made available to class members. *See Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (holding that district court abused its discretion when it based attorneys' fees awarded in a class-action settlement on compensation that class members actually claimed rather than on the benefits available to them to claim, explaining: "In *Boeing* . . ., the Court concluded that the attorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some class members make no claims against the fund so that money remains in it that otherwise would be returned to the defendants.")

9. The Court adopts the percentage-of-the-fund approach, and finds that, under it, the agreed-to fee-and-expense request is reasonable as a matter of law. Here, Settlement Class Counsel estimate that, based on the miles of rights of way covered by the Settlement, if each class member were to claim the available cash benefits, approximately $1,017,000 would be paid to qualifying class members, assuming that no land-grant class members seek the higher non-land grant benefits. (To the extent those class members do seek and receive the higher amounts, the amount available to the class will increase.) When estimated administrative costs of $677,000 — to be borne by the Settling Defendants — and the agreed-to attorneys' fees and expenses of $671,000 — also to be paid separately by the Settling Defendants — are factored in, the gross value of the Settlement is approximately $2,365,000. The $677,000 fee-and-expense award therefore represents approximately 28.4 percent of the fund as a whole.

10. At 28.4 percent of the value of the fund as a whole, the fee-and-expense award would be well within the range of reasonable percentage-fee awards in this Circuit. In this Circuit, there is a 25 percent "benchmark" for fee awards with deviations permitted when

justified by the record. *See, e.g., Fischel v. Equitable Life Assur. Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) ("We have established a 25 percent benchmark in percentage-of-the-fund cases that can be adjusted upward or downward to account for any unusual circumstances involved in [the] case.") (internal quotation marks and citation omitted); *see also In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) ("[t]wenty-five percent is the 'benchmark' that district courts should award in common fund cases") (citation omitted); *Szymborski v. Ormat Techs., Inc.*, No. 3:10-CV-132-RCJ, 2012 WL 4960098, at *3 (D. Nev. Oct. 16, 2012) ("In this case, thirty percent of the Settlement Amount does not seem an extraordinary or extravagant fee for counsel. Plaintiffs' counsel have litigated this case for more than two years without recompense until now . . . ."). The fee requested here is slightly above the 25-percent benchmark. But it is warranted here, where, in reaching the Settlement, Settlement Class Counsel engaged in unusually lengthy and hard-fought litigation against the Settling Defendants to resolve the vexing legal issues arising out of the installation of fiber-optic cable on railroad rights of way that culminated in this and the 45 other state settlements. In the thirty-two fee-and-expense orders issued in similar right-of-way settlements that have received final approval, the federal district courts in Idaho, Illinois, Alabama, North Dakota, Montana, Michigan, Minnesota, Vermont, Kansas, Indiana, Virginia, New Jersey, New York, Florida, West Virginia, Oklahoma, Maryland, Nebraska, Iowa, North Carolina, Wisconsin, Arkansas, Wyoming, Georgia, Colorado, Mississippi, Missouri, South Dakota, Ohio, Washington, and Pennsylvania, and the Delaware state court, approved fee-and-expense awards to class counsel ranging from approximately 17 to 30 percent of the then-estimated fund.

11. In terms of a lodestar crosscheck, the overlapping nature of fiber-optic-cable right-of-way discovery, motions practice, research, litigation, and settlement efforts across the country for more than a decade — which culminated in this and the other state settlement agreements — have prevented Settlement Class Counsel from segregating their fees and expenses into a "Nevada-only" category or similar categories for other states. *See* Declaration of Settlement Class Counsel Dan Millea ¶ 16; Declaration of Settlement Class Counsel Irwin Levin ¶ 22. Nonetheless, it is apparent that the Nevada fee-and-expense request is amply supported by a lodestar crosscheck based on the time and expense incurred, and fees available, in resolution of all the state-by-state settlements of the fiber-optic-cable right-of-way litigation.

12. The total attorneys' fees and expenses incurred by Settlement Class Counsel in the decade-plus of right-of-way litigation culminating in this Settlement, excluding local counsel fees and expenses, were just over $60,000,000 as of March 31, 2011; that number has since increased as Settlement Class Counsel have performed substantial work in seeking approval of the settlements in courts around the country, and it will continue to do so until the settlements are fully administered. *See* Millea Decl. ¶ 17; Levin Decl. ¶ 23. The Settling Defendants in the right-of-way litigation have agreed to pay a total of $41,500,000 in attorneys' fees and expenses in settlement of the forty-six state actions (and the District of Columbia) nationwide. Millea Decl. ¶ 17; Levin Decl. ¶ 23. Therefore, the incurred fees and expenses are subject to a *negative* multiplier — roughly .70 — on a nationwide basis and with a pro-rata Nevada allocation.

13. Here, there were no objections to the fee-and-expense award. This is a factor for the Court's consideration. *See Harris v. U.S. Physical Therapy, Inc.*, No. 2:10-cv-01508-JCM-VCF, 2012 WL 6900931, at *13 (D. Nev. Dec. 26, 2012) (considering absence of objections to fee

request as factor militating in favor of approval); *Szymborski*, 2012 WL 4960098, at *1, *3 (noting absence of objection to settlement or fee request). The Court-approved notice stated that, at the conclusion of the fairness hearing, counsel would seek a fee-and-expense award up to $788,000. That amount was subsequently reduced to $671,000. The notice also informed class members of their ability to object to the fee-and-expense request. No class member objected to it. The absence of objections by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.

**WHEREFORE** it is **ORDERED** that the motion for an award of attorneys' fees and expenses to Settlement Class Counsel is **GRANTED**.

It is further **ORDERED** that the Court approves a fee-and-expense award of $671,000 to Settlement Class Counsel,

It is further **ORDERED** that the Settling Defendants shall deposit the fee-and-expense award approved by the Court into the interest-bearing escrow account — established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law — with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final, that any alleged or actual civil liability against the Settling Defendants for attorneys' fees arising out of the tort claims resolved by the Nevada Class Settlement Agreement approved by this Court is satisfied and extinguished through the Settling Defendants' payment of the fee-and-expense award, and that any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund; and

It is further **ORDERED** that appointment of GFRG as the Fund Administrator for the escrow account is hereby confirmed and that the escrow account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between Settlement Class Counsel, U.S. Bank, and GFRG.

Date: June 18, 2013

_____
Honorable Kent J. Dawson
United States District Judge